UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUAN CARLOS GIL, an individual,
and
ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

        Plaintiffs,

v.

SIX CONTINENTS HOTELS, INC.,
a Delaware corporation, and
23 S. 2ND STREET, LLC, a Pennsylvania
limited liability company,
d/b/a Crowne Plaza,

        Defendants.
_____/

CASE:

## COMPLAINT

Plaintiffs, JUAN CARLOS GIL ("Gil"), and ACCESS 4 ALL, INC. ("Access") on behalf of themselves and all other persons similarly situated ("Plaintiffs"), hereby sue, SIX CONTINENTS HOTELS, INC. ("Six Continents") and 23 S. 2ND STREET, LLC ("Street") (Six Continents and Street, together "Defendants") and as grounds alleges:

### INTRODUCTION

1. Plaintiff, Gil, suffers optic nerve damage, is legally blind, suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Therefore, Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles.

2. Plaintiff, Access, is a non-profit corporation formed under the laws of the State

1

of Florida. Access maintains its principal office at 8275 SW 152 Ave Suite 316 Miami, FL 33193.

3. This is an action for injunctive and declaratory relief, attorneys' fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181, et seq., (the "ADA") and the regulations implementing the ADA set forth in 28 C.F.R. §§ 36.201 and 36.302.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C.

§ 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. At all times material, Defendants owned and/or operated one or more Commercial Property(ies) located at 23 S. 2nd St., Harrisburg, Pennsylvania (hereinafter the "Commercial Property").

8. Defendants own and/or operate, *inter alia*, a hotel at the Commercial Property, held out to the public as "Crowne Plaza" and/or "Crowne Plaza Harrisburg-Hershey."

9. Venue is properly located in the Middle District of Pennsylvania pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Harrisburg, Dauphin County, Pennsylvania.

10. Defendants' Commercial Property at issue in this matter and the business therein are

located in and around the Harrisburg, Dauphin County area. The Defendants regularly conduct business within Dauphin County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Dauphin County area.

### THE PARTIES

11. Plaintiff, Access, is a non-profit corporation formed under the laws of the State of Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Access and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. Access has also been discriminated against because of its association with its disabled members and their claims.

12. Plaintiff, Gil, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

13. Plaintiff, Gil, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).

14. Defendant, Six Continents, is a corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Pennsylvania.

3

15.     Defendant, Street, is a limited liability company organized and existing under the laws of the State of Pennsylvania.

## FACTUAL ALLEGATIONS

16.     Plaintiff, Gil, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S., including to events aimed at, or geared toward, people with disabilities.

17.     Although Plaintiff Gil currently lives in South Florida, he is a board member of the Capital Chapter of the National Federation of the Blind ("NFB"), Pennsylvania affiliate. The Capital Chapter focuses on the areas of Harrisburg and Central Pennsylvania. Plaintiff travels to Harrisburg not only to attend official gatherings of the Capital Chapter, but also to visit close friends in and around Harrisburg.

18.     When Plaintiff Gil travels to areas in and around Pennsylvania, New Jersey, and New York, after arriving by plane, he typically relies on local and regional passenger trains such as Amtrak, and other rail service, for transportation throughout the area. Reasons for Plaintiff's use of train/rail transportation include, but are not limited to, convenience and reasonable cost. When Plaintiff travels to Harrisburg, he typically arrives and departs via train at the Harrisburg Train Station.

19.     The Commercial Property is a Crowne Plaza-branded hotel located only three blocks from the Harrisburg Train Station. Indeed, the Commercial Property is one of the closest – if not *the* closest – hotel to the Harrisburg Train Station. The hotel website's "Parking & Transportation" page lists the Harrisburg Train Station as the only public transportation option and promotes its close proximity: "Hotel is three blocks from AMTRAK station down Chestnut Street. **Estimated distance to the hotel: 0.01 MI/** 0.02 KM."

4

https://www.ihg.com/crowneplaza/hotels/us/en/harrisburg/mdtdt/hoteldetail/directions (last accessed October 4, 2024) (emphasis added).

20. Plaintiff, Gil, has stayed at the Commercial Property around three times, including on or around the first of May, 2024. The Commercial Property's close proximity to the Harrisburg Train Station makes it an important lodging option for Plaintiff when traveling to and around the Harrisburg area.

21. Plaintiff, Gil, plans to return to Harrisburg in October or November 2025, during which time Plaintiff desires and intends to stay at the Commercial Property hotel if Defendants make the Commercial Property readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA.

## COUNT I – ADA VIOLATIONS

22. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

24. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following:

A. Tables, Counters & Lines

   i. Seating and tables lack proper knee and toe clearance and therefore violate 2010 ADA Standards for Accessible Design Section 902.

B. <u>Toilet Rooms</u>

  i. Toilet rooms lack contain a sign that is above 60" from the floor therefore violate 2010 ADA Standards for Accessible Design Section 703.

  ii. Coat hook is greater than 48 inches above the floor, violating 2010 ADA Standards for Accessible Design Section 603.4.

  iii. Lavatory does not provide adequate knee and toe clearances and therefore violate 2010 ADA Standards for Accessible Design Section 306.2.

  iv. Hand dryer or towel dispenser contains operable parts at a height of over 48" and therefore violate 2010 ADA Standards for Accessible Design Section 308.2.

  v. Water closet does not contain proper clearance and therefore violates 2010 ADA Standards for Accessible Design Section 604.3.1.

  vi. Water closet height is less than 17 inches and therefore violates 2010 ADA Standards for Accessible Design Section 604.4.

  vii. Restroom contains improperly located grab bars that violate 2010 ADA Standards for Accessible Design Section 604.5.

C. <u>Parking & Exterior Routes</u>

  i. Passenger loading zone violates 2010 ADA Standards for Accessible Design Section 503.

D. <u>Additional Elements</u>

  i. Pool lift seat is of improper size and thereby violates 2010 ADA Standards for Accessible Design Section 1009.

E. <u>Hotel Guest Rooms</u>

  i. Accessible rooms contain clear floor space of less than 36" and therefore violate

6

2010 ADA Standards for Accessible Design Section 806.2.3.

ii. Curtain rods/chains, heating and cooling controls and/or light switches are not placed so they can be reached by a forward or parallel approach and mounted so the reachable part is no higher than 48 inches, and therefore violate 2010 ADA Standards for Accessible Design Section 309.

iii. Storage units are mounted higher than 48 inches and therefore violate 2010 ADA Standards for Accessible Design Section 308.

iv. Mirrors are mounted so that their bottom is higher than 40 inches above the floor, therefore violate 2010 ADA Standards for Accessible Design Section 603.3.

v. Water closet and seat height is less than 17" therefore violate 2010 ADA Standards for Accessible Design Section 604.

vi. Roll-in shower compartment lacks accessible design. Grab bars are obstructed and shower wand is beyond reach. Roll-in shower compartment violates 2010 ADA Standards for Accessible Design Section 608.

vii. Work surface lacks proper knee clearance and violates 2010 ADA Standards for Accessible Design Section 306.

### Relief Sought and the Basis

25. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal

enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

26. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and

have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29. A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

31. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendants operate its business(es), located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

32. Plaintiffs pray for judgment as set forth below.

### COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

33. Plaintiffs incorporates and realleges paragraphs 1 through 32 as though set forth

fully herein.

34.  This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

35.  More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i)  Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)  Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)  Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)  Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)  Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

36. Defendants, either themselves or by and through a third party, implemented, operates, controls and or maintains Websites for the Commercial Property which contains an online reservations system. These website(s) are located at https://www.ihg.com/crowneplaza/hotels/us/en/harrisburg/mdtdt/hoteldetail among others. This term also includes all other websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the Commercial Property hotel ("Websites"). The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

37. Prior to the commencement of this lawsuit, Plaintiffs visited these websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

38. In each instance the Websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

39. In the near future, including as set forth above, Plaintiffs intend to revisit Defendant's websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

40. Plaintiffs are continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless they are willing to suffer additional discrimination.

41. The violations present at Defendant's Websites infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' website. By continuing to operate the websites with discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' websites, and knowing that it would be a futile gesture to return to the websites unless they is willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a websites with violations, Defendants deprive Plaintiffs the equality of opportunity offered to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

42. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify its Websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

43. Plaintiffs have a realistic, credible, existing and continuing threat of

discrimination from the Defendants' non-compliance with the ADA with respect to these websites. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

44. The Defendants have discriminated against the Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

45. The Plaintiffs and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

46. Defendants have discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

48. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject websites to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

49. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request:

a. the Court issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. injunctive relief against the Defendants including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement;

d. an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

Dated: April 21, 2025                    Respectfully Submitted,

*/s/ Joseph M. Horn*
Joseph M. Horn, Esq.
Law Offices of Joseph M. Horn
Pennsylvania Bar: 313384
580 Sylvan Ave
Suite 1G
Englewood Cliffs, New Jersey 07632
T: (201) 884-6000
F: (201) 205-1382
E: hornesq@mineolaw.com
Attorney for Plaintiffs
Local Counsel

*/s/ John A. Salcedo*
JOHN A. SALCEDO, ESQ.
Florida Bar No: 14665
THE MINEO SALCEDO LAW FIRM, P.A.
5600 Davie Rd.
Davie, FL 33314
T: (954) 463-8100 | F: (954) 463-8106
Service@mineolaw.com
Jsalcedo@mineolaw.com
*Attorneys for Plaintiffs*
Pro Hac Vice Motion to Follow